White, J.
The action below was for an assault and battery committed by the defendant upon the plaintiff.
1. On the trial the amount of the surgeon’s bill against the plaintiff, for services rendered in treating his injuries, was permitted to go in evidence to the jury. It appeared that the account, though charged to the plaintiff, was subsequently paid by the trustees of the township. The defendant excepted to the introduction of the evidence.
We do not think the payment by the trustees inured to the benefit of the defendant, or can be held to diminish his liability. It was not intended as a satisfaction of any part of the plaintiff’s claim against him, and, we think, it ought not to be held to have that effect.
It is true, the trustees may have no right to recover the amount paid from the plaintiff. But in this we see no good reason why he ought not to be allowed to recover from the party whose wrong caused the loss, and thus be placed in possession of the means to enable him to return the money voluntarily, if in conscience he should see proper to do so.
2. Declarations of the defendant made subsequently to the assault and battery, and tending to show express malice in the defendant in inflicting the injury complained of, were also allowed, against the exception of the defendant, to go in evidence. But the court subsequently, during the progress of the trial, on discovering that the petition contained no averment of malice, ruled out the evidence, and instructed the jury to disregard it.
It is contended that the introduction of this evidence was error to the prejudice of the defendant, which was not cured by subsequent exclusion.
In this State we do not regard the admission of improper evidence to the jury, which is afterward ruled out, as of itself constituting ground for reversal; though the question of its influence in producing a wrong verdict ought to be consid *572 ered on a motion for a new tidal. Mimms v. The State, 16 Ohio St. 221.
It is true, however, as contended by counsel, that the evidence in that case was excluded on motion of the party; but there would be no sound principle in holding it to be no ground for Reversal where the exclusion is on motion of the party, and the contrary to be the effect where the same thing is done by the court sua sponte.
But in our opinion the error was not in admitting, but in excluding, the evidence.
The ground of the exclusion was the absence of an averment of malice in the petition.
The petition is only required to contain a statement of the facts constituting the cause of action. But where the act occasioning the injury is unlawful, the motive or intent of the wrong-doer, as respects the cause of action, is immaterial. The. malice of the defendant is not in the nature of special damage, which is required to be averred; but is allowed to be given in evidence as showing the character of his conduct to enable the jury to determine the question of exemplary damages. Damages of this description were often allowed in this class of actions (1 Saund. on Plead. & Ev. 155); but no averment of malice is found in the approved common-law forms of a declaration for assault and battery. 2 Chitty’s Plead. s. p. 850; 1 Swan’s Prac. & Plead. 591; 1 Saund. supra, s. p. 149; 2 Greenl. on Ev. sec. 82, note.
And Mr. Greenleaf, in the work last named (sec. 89), expressly states that “ The manner, motives, place, and circumstances of the assault, though tending to increase the damages, need not be specially stated, but may be shown in evidence.”
3. It is assigned for error that the court erred in its instructions to the jury, that the verdict is contrary to the evidence, and that the damages are excessive.
No exception was taken to the charge, nor was it made a ground for new trial any farther than regards the direction to the jury that they might allow the surgeon’s bill. On the question of the verdict, it is sufficient to say that the recerd *573 shows a clear case for recovery by the plaintiff; and while we should have been better satisfied, if, under the circumstances of the case, the verdict had been for a less amount, yet we find no sufficient grounds to warrant us in reversing the judgment.

Judgment affirmed.

Brmeerhoee, C.J., and Scott, "Welch, and Day, JJ., concurred.